ESCALONA *v.* THE REGISTRAR OF PROPERTY.

APPEAL from the decision of the Registrar of Property of San Juan.

No. 12.—Decided December 21, 1905.

GANANCIAL PROPERTY.—Property acquired by the spouses during their marriage will be presumed community property, unless it is proved that the same belongs exclusively to one or the other.

DEVISEES OF ALIQUOT PART—HEIRS—PAYMENT OF DEVISE.—A devisee of an aliquot part of an estate has only a personal action *ex-testamento* to recover his devise from an heir.

ID.—PARTITION OF INHERITANCE.—A partition legally made is one conferring upon the heirs and devisees the ownership of those properties of the inheritance which have been awarded to them in payment.

ID.—RECORD OF PROPERTY OF INHERITANCE.—In view of the foregoing doctrine, devisees of an aliquot part are without an action to demand the admission to record in their favor of specific properties of the estate so long as the partition and liquidation thereof is not made for the purposes of determining what is the remnant to be divided among the heirs and devisees in aliquot parts, after the debts of the testamentary estate have been satisfied.

STATEMENT OF THE CASE.

This is an appeal taken by Francisca Escalona de Cordero from a decision of the Registrar of Property of San Juan,

refusing to record in favor of the appellant one-half of a one-fifth interest in house number 50 Luna street in this city.

Esteban Escalona, a former resident of this city, executed a closed will which is on file in the protocol formerly belonging to Juan Ramón de Torres, in which, among other dispositions, he stated that he had acknowledged, and again acknowledged, as his natural children, Rafael Dolores and Francisca Camila, whom he constituted devisees of one-fifth of his property, and his legitimate children, Teresa and Tomás, and by his first marriage with María del Rosario Porcel, and his other children, also legitimate, named Esteban, Francisco, Antonio, Ana, and Clemente, had by his second marriage with Ana de Castro, as the universal heirs of all his property, rights and actions.

On June 19th last, after the death of the testator, which took place in this city on May 9, 1869, his natural daughter, Francisca Camila, presented a petition to the registrar of property of this city with a copy of the will of her deceased father and a certificate of the record of his death, requesting that as the devisee of one-fifth of the estate of her deceased father in conjunction with her brother Rafael, one-half of one-fifth of the value of the house situated at number 50 Luna street in this city, belonging to the estate of her said father, be recorded in her favor in the registry of property, estimating the value of said house for the said purpose at $12,000, and one-half of one-fifth thereof, all that she asked to have recorded, at $1,200. The registrar refused to make this record on the grounds stated in the decision placed at the end of the will presented, which reads as follows:

"The record requested by the devisee, Francisca Camila Escalona, of one-half of a one-fifth interest in the house number 50 Luna street, by virtue of the foregoing document and petition, is refused, because Esteban Escalona having acquired said estate during his marriage with Ana de Castro, it is to be assumed that it is community property, until it be proved that it was his exclusive property, and because it does not appear that the settlement of the Estate has been made with

the corresponding award to the persons in interest, nor that the delivery provided for by section 859 of the Civil Code has been made to the devisees; and a cautionary notice has been entered in favor of Francisca Camila Escalona for the legal period, at folio 186, volume 36 of this capital, estate number 1513, record letter A.—San Juan, Porto Rico, July 26, 1905.''

From this decision Attorney Eugenio Benítez Castaños took an appeal in due time to this Supreme Court on behalf of the petitioner, Francisca Camila Escalona, praying for a reversal of said decision and an order to the registrar to make the record sought, alleging the reasons he considered pertinent in support of his claim, which the registrar in his turn contested in a statement addressed to this Supreme Court, insisting on the grounds for his refusal.

*Mr. Benítez Castaños* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The grounds upon which the decision of the registrar of property of this city denying the record are based, are accepted.

Furthermore, in devises of an aliquot part of an estate the devisees have only a personal right of action *ex testamento* to recover the payment of their devises from the heir; and only by virtue of a partition legally made can they acquire in payment the ownership of such property of the estate which may have been awarded to them.

Therefore, the partition of the Estate of Esteban de Escalona not having been made as yet, Francisca Camila, the devisee, has no right of action to demand the record in her favor of definite property of the Estate, especially when it does not appear that after its settlement there would be any surplus, after payment of the debts, for distribution among the heirs and devisees of an aliquot part.

The decision denying the record placed by the registrar of property of this city at the end of the document in question

is affirmed, and it is ordered that it be returned to him, with a copy of this decision, for the proper purposes.

*Affirmed.*

Justices Hernández, Figueras, and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.